UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LEE HARDING,<br><br>          Plaintiff,<br><br>     v.<br><br>SACRAMENTO COUNTY SHERIFF<br>DEPARTMENT, et al.,<br><br>          Defendants. | No.  2:21-cv-00964-CKD P<br><br><br><br>ORDER |

Plaintiff is a county inmate proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff's first amended complaint is now before the court.

**I.        Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**II.      Allegations in Amended Complaint**

Beginning on March 17, 2021, plaintiff was a pretrial detainee at the Sacramento County jail.  During the first 14 days of his incarceration, plaintiff was in a Covid-19 related quarantine. However, he was continuously held in non-disciplinary isolation until April 23, 2021, a period lasting 38 days.  During this time frame, plaintiff was only allowed out of his cell for 45 minutes each week and he was denied any outside recreation time.  In the two page amended complaint, plaintiff also alleges that he was not arraigned by a magistrate until 21 days after his arrest. Four defendants are named in the present action:  Matthew Moore, a Sacramento County District Attorney; the Sacramento County Sheriff's Department; Sacramento County; and, the State of California.   However, the amended complaint does not identify any specific causes of action or types of relief.

/////

1    **III.    Legal Standards**

2         **A.  Linkage**

3         The civil rights statute requires that there be an actual connection or link between the

4    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

5    Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

6    (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

7    constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

8    in another's affirmative acts or omits to perform an act which he is legally required to do that

9    causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

10   Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must

11   link each named defendant with some affirmative act or omission that demonstrates a violation of

12   plaintiff's federal rights.

13         **B.  Monell Claim**

14         Municipalities cannot be held vicariously liable under § 1983 for the actions of their

15   employees.  Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978).  "Instead, it is

16   when execution of a government's policy or custom, whether made by its lawmakers or by those

17   whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the

18   government as an entity is responsible under § 1983." Id. at 694.  Municipalities are considered

19   "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional

20   deprivation.  Monell, 436 U.S. 658, 690 (1978); Long v. County of Los Angeles, 442 F.3d 1178,

21   1185 (9th Cir.2006).  To properly plead a Monell claim based on an unconstitutional custom,

22   practice, or policy, plaintiff must demonstrate that (1) he possessed a constitutional right of which

23   he was deprived; (2) the municipality had a policy; (3) such policy amounts to deliberate

24   indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the

25   constitutional violation.  See Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438

26   (9th Cir. 1997).  The municipal policy at issue must be the result of a "'longstanding practice or

27   custom which constitutes the standard operating procedure of the local government entity.'"

28   Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco,

1    308 F.3d 968, 984-85 (9th Cir. 2002)).

2    ### C.  Conditions of Confinement

3        Conditions of confinement claims raised by pretrial detainees are analyzed under the

4    Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment.  Bell v.

5    Wolfish, 441 U.S. 520, 535 n. 16 (1979); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998).

6    Nevertheless, comparable standards apply, with Fourteenth Amendment analysis borrowing from

7    Eighth Amendment standards.  Frost, 152 F.3d at 1128.  "Jail officials have a duty to ensure that

8    detainees are provided adequate shelter, food, clothing, sanitation, medical care, and personal

9    safety."  Shorter v. Baca, 895 F.3d 1176, 1185 (9th Cir. 2018).  To prevail on a substantive due

10   process claim, plaintiff must establish that the restrictions imposed by his confinement constituted

11   punishment as opposed to being incident to legitimate governmental purposes.  Bell, 441 U.S. at

12   538.  If a particular jail condition is reasonably related to a legitimate government objective, it

13   does not amount to punishment absent a showing of an express intent to punish.  Id. at 538–39.

14   ### D.  Absolute Immunity

15       Prosecutors are absolutely immune from civil suits for damages under § 1983 which

16   challenge activities related to the initiation and presentation of criminal prosecutions.  Imbler v.

17   Pachtman, 424 U.S. 409 (1976).  Determining whether a prosecutor's actions are immunized

18   requires a functional analysis.  The classification of the challenged acts, not the motivation

19   underlying them, determines whether absolute immunity applies.  Ashelman v. Pope, 793 F.2d

20   1072 (9th Cir. 1986) (en banc).  The prosecutor's quasi-judicial functions, rather than

21   administrative or investigative functions, are absolutely immune.  Thus, even charges of

22   malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment

23   of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.  See Stevens v.

24   Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

25   ### E.  Eleventh Amendment

26       In his complaint plaintiff has named the State of California as one of the defendants.  The

27   Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a

28   state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan,

4

1    440 U.S. 332 (1979); <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978) (per curiam); <u>Jackson v. Hayakawa</u>,

2    682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California has not

3    consented to suit.

4         **IV.    Analysis**

5         The court has reviewed the first amended complaint and finds that it seeks relief from a

6    defendant who is immune from such relief.  Defendant Moore is entitled to absolute immunity

7    while performing his duties as a District Attorney in initiating and prosecuting criminal charges.

8    <u>See</u> <u>Imbler</u>, 424 U.S. 409.  Additionally, the amended complaint does not state a claim against

9    either the Sacramento County Sheriff's Department or the County of Sacramento because

10   plaintiff does not allege any county policy, custom, or practice that caused his unconstitutional

11   conditions of confinement.  Therefore, he has not stated a <u>Monell</u> claim against these defendants.

12   Even though plaintiff was previously instructed that a claim against a municipal entity such as the

13   Sheriff's Department can only proceed if a specific policy, custom, or practice resulted in the

14   constitutional violation, plaintiff continues to name only municipal defendants other than the

15   District Attorney.  That would be sufficient if plaintiff alleges that his unconstitutional conditions

16   of confinement were the result of a specific policy, but, instead, he alleges that he "apparently got

17   lost" while in custody at the Sacramento County Jail.  ECF No. 7 at 1.  Therefore, it does not

18   appear to the court, that plaintiff's conditions of confinement resulted from any official policy or

19   practice.  In order to state a claim, therefore, plaintiff must identify the individual(s) who placed

20   him in non-disciplinary isolation for 38 days, or who failed to remove him from isolation after the

21   14 day COVID-19 quarantine period had elapsed.  <u>See</u> <u>Johnson</u>, 588 F.2d at 743.  By way of

22   example only, plaintiff could name the individual floor officer, housing officer, or correctional

23   staff whom he notified of his ongoing isolation if these individuals failed to modify his conditions

24   of confinement.  Lastly, any claim against the State of California is barred by the Eleventh

25   Amendment as plaintiff was advised in the court's prior screening order.  For all these reasons,

26   plaintiff's first amended complaint must be dismissed.  The court will, however, grant leave to

27   file a second amended complaint.

28   ////

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### V.      Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your first amended complaint and determined that they do not state any claim against the defendants that you identify.  Your amended complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file a second amended complaint within 30 days from the date of this order.  If you choose to do so, pay particular attention to the legal standards identified in this order which may apply to your claims.

////

1      In accordance with the above, IT IS HEREBY ORDERED that:

2      1.  Plaintiff's first amended complaint is dismissed; and

3      2.  Plaintiff is granted thirty days from the date of service of this order to file a second

4  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

5  of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the

6  docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff

7  must file an original and two copies of the second amended complaint; failure to file a second

8  amended complaint in accordance with this order will result in a recommendation that this action

9  be dismissed.

10  Dated:  November 5, 2021

11  _____
    CAROLYN K. DELANEY

12  UNITED STATES MAGISTRATE JUDGE

18  12/hard0964.14amd.new.docx

7