UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LEE HARDING,<br><br>   Plaintiff,<br><br>   v.<br><br>SACRAMENTO COUNTY SHERIFF DEPARTMENT, et al.,<br><br>   Defendants. | No.  2:21-cv-00964-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a county inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

**I.   Screening Standard**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

**II.   Allegations in the Second Amended Complaint**

At all times relevant to the allegations in the amended complaint, plaintiff was a pretrial

1

detainee at the Sacramento County Main Jail.  Plaintiff names defendant Ken Brody, a county commissioner, as the only defendant in the amended complaint.  Plaintiff alleges that following his initial arrest on March 17, 2021, defendant Brody increased his bail in a manner that violated state law and exceeded the county bail schedule.  Plaintiff also alleges that he was not transported from the county jail to court on two separate occasions.  However, he does not identify any individual jail official who was responsible for failing to transport him to court.  Plaintiff merely states that defendant Brody "had it in his power to inquire" about plaintiff's whereabouts, but he did not do so.  ECF No. 9 at 3.  By way of relief, plaintiff seeks punitive damages and a monitor to be appointed to review the Sacramento County Superior Court system.

### III. Analysis

After being provided with the relevant legal standards, plaintiff has been unable to fix the deficiencies identified in the court's prior screening orders.  See ECF Nos. 5, 8.  The second amended complaint fails to state any claim for relief against defendant Brody.  There are no factual allegations linking defendant Brody to any constitutional violation.  The second amended complaint only alleges that defendant Brody violated state law and the county bail schedule.  These claims are not cognizable in a Section 1983 action.  For all these reasons, the undersigned recommends dismissing plaintiff's first amended complaint.

Once the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted).  However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.

It appears to the court that further amendment of this case would be futile.  Therefore, the undersigned recommends that the amended complaint be dismissed without further leave to

amend. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### I. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your second amended complaint and determined that it does not state any claim for relief against defendant Brody. It is recommended that your complaint be dismissed without further leave to amend.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct outcome in your case. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned your case will then review the case and make the final decision in this matter.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed without further leave to amend; and,

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

/////
/////
/////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 23, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hard0964.F&R.dismiss.docx